SAMUEL W. DORR *vs.* JEREMIAH LOUCKS *et. al.*

In an action brought against the owner of dogs, to recover damages for killing and "worrying" plaintiff's sheep, founded on Sec. 1645, *C. L.*, it was held that the words, "drove, chased and hurried," used in the plaintiff's declaration, are equivalent to or within the meaning of the word, "worried," as used in said section.

The declaration alleged that the sheep were depasturing on the farm of the plaintiff, and in his possession when the wrong was done. *Held,* That this was a sufficient allegation that they were put of the enclosure of the defendant.

The plaintiff is entitled to judgment for double the amount of the verdict and costs, in such case.

Costs by said Sec. 1645, limited to $5 00, to which, however, must be added the costs to be allowed to the prevailing party, by the Act of 1869, page 32.

*Washtenaw Circuit, February,* 1871.

*A. E. Hewitt,* for Plaintiff ; *C. Joslin,* of Counsel.

*G. R. Palmer,* for Defendants ; *H. J. Beakes,* of Counsel.

*By the Court,* HIGBY, J —This suit came into this Court by appeal from a Justice of the Peace. Judgment below was for the plaintiff, and defendant appealed.

The declaration was in trespass, and amongst other things alleged that the defendants, " with force and arms, and with their dogs. and dogs which they were keeping, did, contrary to the provisions of section 2, of an act of the Legislature of the State of Michigan, entitled, " An act for the protection of sheep and other domestic animals," approved March 28th, 1850, on the farm and premises of the plaintiff, situate in said town of Manchester, *drove, chased and hurried* the sheep of the said plaintiff, which were then and there in the possession of the plaintiff, depasturing, and being in and upon said farm and premises of the said plaintiff; and then and there with their dogs, and dogs which they were keeping, as aforesaid, killed a large number of said sheep, to wit : eleven sheep, of great value," &c., and claiming judgment for double the amount of damages, as provided by said statute. Plea—general issue.

On the trial by jury evidence was given tending to show that two sheep were killed by the dogs, and some eight or nine so badly wounded that the plaintiff killed them, considering their lives use-

DORR vs. LOUCKS et. al.

less, and that damage was done to the flock by driving and chasing the sheep, variously estimated from a trifling sum to $25 or $30.—— The plaintiff recovered a verdict for $33——the jury being instructed by the Court that they were not at liberty to take into consideration in estimating damages, the wounded sheep, as no such claim was made in the declaration. Applying the verdict to the evidence it was plain that the jury had arrived at the amount of their verdict by estimating the two sheep killed at $4 each, and $25 for the injury to the flock by driving, chasing and hurrying.

The plaintiff s c nsel now move for judgment for double the amount of damages found by the jury and for costs. The defendant's counsel oppose this and move for a new trial, on the ground that the statute in question does not apply to damages caused by driving chasing and hurrying sheep, but for killing, wounding and worrying only, and therefore the damages found by the jury were not of the ch.. ter that could be doubled. That a new trial ought to be granted because the verdict in part was for damages not specified in the statute ; and being so, the plaintiff was not entitled to recover, there being no evidence tending to show that the dogs were wont to do such mischief. It was also insisted by defendant's counsel that if judgment shovld be in the plaintiff's favor, his costs, by the express terms of said Sec. 1645, must be limited to $5.

I have stated somewhat fully the questions presented. The conclusions to which I have arrived are briefly as follows :

1. That the words " drove, chased and hurried," as used in the declaration, are equivalent to, or at least fall within the meaning of the word " worrying," as used in the section referred to. There may be other means of worrying sheep, but I am satisfied that the word as used in the statute embraces all that is expressed by the words in the declaration. The declaration therefore cannot be said to embrace other or different causes of action than such as were intended by the statute, and being so, it was not necessary to allege or prove that the dogs were wont to do such mischief.

2. The allegation in the declaration that the place where the injury was done was on the farm and premises of the plaintiff, and that the sheep were at the time in the possession of the plaintiff depasturing and being on said farm, particularly in a pleading in Justice's Court, is a sufficient averment that the place was out of the

enclosure of the defendants. The proof in the case tending to show that the injury was done out of the enclosure of the defendants, and within that of the plaintiff was clear and uncontradicted, and after verdict, if necessary, the plaintiff would be allowed to amend his declaration in that respect.

But I think the averment is sufficient as it is if it is necessary at all in this case. There is doubt whether the provision of this section of the statute in reference to "travelling the highway or out of the enclosure of the owner" of the dogs does not apply to *persons* only.

The motion for a new trial must be overruled, and judgment must be entered in favor of the plaintiff for double the amount of damages found by the jury, and for costs.

A question is raised as to the amount of costs to which the plaintiff is entitled, based on the last clause of said sec. 1645, as follows : "But in no case shall the plaintiff recover more than $5 costs."— Under this provision and without reference to subsequent legislation the amount of costs to which the plaintiff would be entitled is unquestionably limited to $5. The provision is general and unlimited, and applies to suits in the Circuit as well as in Justice's Courts.— By the express terms, however, of the acts of 1867, amended in 1869, (*Laws of* 1867, page 83, and 1869, page 32 ;) the costs there allowed to the prevailing party, are to be in addition to the fees of officers, disbursements and witnesses, as before allowed by law.

These acts make no exceptions, and apply as well to suits brought under said Sec. 1645, as to others. Costs in this case must be limited to $5, with such additions thereto as the said act of 1869 allows to the prevailing party.